UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-63106-RS

RENZO BARBERI,

    Plaintiff,

v.

AIRCOM MANAGMENT CORP, INC.
a Florida Profit Corporation ,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, AIRCOM MANAGEMENT CORP. INC., a Florida profit corporation, by and through its undersigned attorneys, and hereby files its Answer and Affirmative Defenses to Plaintiff, RENZO BARBERI's Complaint, and in support thereof states as follows:

### JURISDICTION

1.    Admitted for jurisdictional purposes only. All other averments within this paragraph are denied.

### VENUE

2.    Admitted for jurisdictional purposes only. All other averments within this paragraph are denied.

### PARTIES

3.    Defendant admits it operates a Mobil Gas Station, and that it is a gas station and convenience store. Defendant is without knowledge as to the remaining allegations contained in paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4. Defendant is without knowledge of the allegations contained in paragraph 4 of Plaintiff's Complaint. Therefore, denied.

5. Defendant admits that AIRCOM is the owner of the real property located at 4791 S. State Road 7, Davie, Florida 33314. Defendant denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

## CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. Defendant adopts and re-alleges its responses to paragraphs 1 through 5 of Plaintiff's Complaint.

7. Defendant is unable to respond to paragraph 7 of the Complaint, as Plaintiff has merely alleged a legal conclusion. To the extent Plaintiff has alleged facts relating to Defendant, denied.

8. Defendant is unable to respond to paragraph 8 of the Complaint, as Plaintiff has merely alleged a legal conclusion. To the extent Plaintiff has alleged facts relating to Defendant, denied, including subparts (i-v).

9. Defendant is unable to respond to paragraph 9 of the Complaint, as Plaintiff has merely alleged a legal conclusion. To the extent Plaintiff has alleged facts relating to Defendant, denied, including subparts (i-iii).

10. Defendant is unable to respond to paragraph 10 of the Complaint, as Plaintiff has merely alleged a legal conclusion. To the extent Plaintiff has alleged facts relating to Defendant, denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendant is unable to respond to paragraph 14 of the Complaint, as Plaintiff has merely alleged a legal conclusion. To the extent Plaintiff has alleged facts relating to Defendant, denied.

15. Denied, including subparts (a-l)

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant is unable to respond to paragraph 20 of the Complaint, as Plaintiff has merely alleged a legal conclusion. To the extent Plaintiff has alleged facts relating to Defendant, denied.

## REQUEST FOR RELIEF

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## AFFIRMATIVE DEFENSES

1. As its First Affirmative Defense, Defendant asserts that if Plaintiff proves that Defendant acted in violation of the ADA, either by action or omission, which is denied, there were legitimate, non-discriminatory reasons for such acts or omissions such as protecting the property and other interests of all customers, agents, vendors and/or employees, and complying with all State and/or local law, rules, regulations and ordinances.

2. As its Second Affirmative Defense, Defendant asserts that the Defendant is obligated to comply with all relevant local and state laws, rules, and regulations, as well as representations previously made to interested parties or to state or local agencies and to comply with state and/or local requirements including zone, code, health and safety, and building regulations.

3. As its Third Affirmative Defense, Defendant asserts that Plaintiff's Complaint, in whole or in part, fails to allege sufficient ultimate facts or state a claim upon which relief can be granted.

4. As its Fourth Affirmative Defense, Defendant asserts that if Plaintiff proves that Defendant acted in violation of the ADA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the ADA.

5. As its Fifth Affirmative Defense, Defendant asserts that all or some of Plaintiff's claims are barred by the applicable Statute of Limitations.

6. As its Sixth Affirmative Defense, Defendant asserts that Defendant is not liable to Plaintiff for liquidated, punitive, or exemplary damages for reasons, including, but not limited to Defendant's good faith efforts to comply with the law. Defendant is also not liable for such damages because it did not act in bad faith and/or did not commit any willful, wanton, knowing, intentional or malicious act, or authorize or ratify such an act.

7. As its Seventh Affirmative Defense, Defendant asserts that Plaintiff's claims must fail to the extent that they are barred by the doctrines of waiver, release, accord and satisfaction, unclean hands, and/or estoppel.

8. As its Eighth Affirmative Defense, Defendant asserts that the damages and relief sought in Plaintiff's prayer are not legally authorized or subject to the limitations imposed by statute or rule.

9. As its Ninth Affirmative Defense, Defendant asserts that Defendant is entitled to recover its costs of court and attorney's fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

10. As its Tenth Affirmative Defense, Defendant asserts that the Court lacks subject matter jurisdiction over the Defendant.

11. Defendant further asserts that discovery is ongoing and thus, Defendant hereby reserves its right to later seek leave to amend these Affirmative Defenses for the purposes of adding additional defenses or modifying the defenses presently asserted, based upon information discovered during the course of discovery in this matter. Defendant in no way intends to waive its ability to amend its Affirmative Defenses throughout the course of discovery.

12. Any allegations contained with the above-styled complaint not hereinbefore or hereinafter specifically admitted are denied and strict proof of same is demanded thereof. AIRCOM MANAGEMENT CORP. INC. further denies that Plaintiff is entitled to any of the relief sought within Plaintiff's "WHEREFORE" clause and expressly denies Plaintiff's entitlement to an award of attorneys' fees in this matter.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of February 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE SCOTT & KISSANE, P.A.
> *Counsel for AIRCOM MANAGEMENT CORP. INC.*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> Miami, Florida 33156
> Telephone: (786)268-6794
> Facsimile: (305) 373-2294
> Primary e-mail: maria.corghi@csklegal.com
> Secondary e-mail: ben.fernandez@csklegal.com
> Secondary e-mail: alina.gonzalez@csklegal.com
> Secondary e-mail: tania.gomez@csklegal.com
>
> By:   s/ Benjamin Fernandez, IV
>       BENJAMIN FERNANDEZ, IV., ESQ.
>       Florida Bar No.: 63881
>       MARIA D. CORGHI, ESQ.
>       Florida Bar No.: 1017965